IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION



**FILED**

**February 20, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE, )
                        )
          APPELLEE, )
                        )         No. 01-C-01-9702-CC-00062
                        )
                        )         Marshall County
v.                      )
                        )         Charles Lee, Judge
                        )
                        )         (Sentencing)
MATTIE MARCELLA DAVIS, )
aka MATTIE HILL, )
                        )
         APPELLANT. )

FOR THE APPELLANT:

Hershell D. Koger
Attorney at Law
P.O. Box 1148
Pulaski, TN 38478

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0497

Georgia B. Felner
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

W. Michael McCown
District Attorney General
P. O. Box 904
Fayetteville, TN 37334

Weakley E. Barnard
Assistant District Attorney General
Marshall County Courthouse, Fourth Floor
Lewisburg, TN 37091

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# OPINION

The appellant, Mattie Marcella Davis, also known as Mattie Hill (defendant), was convicted of theft over the value of $1,000, a Class D felony, following her plea of guilty to this offense. The trial court found the defendant was a standard offender and imposed a Range I sentence consisting of confinement for twenty-five (25) months in the Department of Correction pursuant to a plea agreement. In this court, the defendant contends the trial court abused its discretion by refusing to impose an alternative sentence. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

This court has conducted a <u>de novo</u> review of the record pursuant to Tenn. Code Ann. § 40-35-401(d). This task is difficult because the submission hearing proceedings were not memorialized and included in the record. Nevertheless, this court can address whether the trial court abused its discretion or violated the sentencing laws by refusing to impose an alternative sentence in this case.

The defendant was entitled to the presumption she was a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). However, the State of Tennessee rebutted this presumption.

The record reflects the defendant smoked crack cocaine and marijuana for an extended period of time. Evidence was introduced which established the defendant was guilty of shoplifting in Bedford County and she had either a shoplifting or theft offense in Rutherford County. She has been convicted of assault, disorderly conduct, driving without a license, criminal responsibility, and assaulting a minor. She has been given fines, a short period of confinement, and probation. She has a prior revocation of probation and an outstanding capias for her arrest in the Rutherford County case. The trial court found the defendant was less than candid when she testified at the sentencing hearing and she committed crimes after she was released on bail for the offense in question.

Confinement in this case is required for several reasons. First, the trial court found the defendant would continue to engage in criminal conduct if an alternative sentence was

2

imposed and the defendant was released into the community. Tenn. Code Ann. § 40-35-103(1)(A). Second, confinement is required both to avoid depreciating the seriousness of the offense and to provide an effective deterrent to the defendant and others likely to commit similar offenses. Tenn. Code Ann. § 40-35-103(1)(B). Third, measures less restrictive than confinement have been applied unsuccessfully. Tenn. Code Ann. § 40-35-103(C). Fourth, the defendant was not truthful when she testified at the sentencing hearing.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
WILLIAM M. BARKER, JUDGE

3